1
2
3                          UNITED STATES DISTRICT COURT
4                                DISTRICT OF NEVADA
5                                      * * *
6   LAWSON G. STEVE,                          Case No. 3:23-cv-00025-MMD-CSD
7                          Petitioner,                      ORDER
8          v.
9   CATHY TUNI, *et al.*,
10                        Respondents.
11

12          Lawson G. Steve has submitted a *pro se* 28 U.S.C. § 2241 habeas corpus petition.

13   (ECF No. 1-1.) His application to proceed *in forma pauperis* is granted. (ECF No. 1.) But

14   on initial review, the Court finds that Steve's claims appear unexhausted, and that federal

15   abstention is appropriate, so the petition is dismissed without prejudice.

16          Lawson states that he was arrested on October 5, 2022, and is currently in the

17   custody of the Washoe County Sheriff. (ECF No. 1-1 at 3.) He was charged in the Fallon

18   Paiute Shoshone Tribal Court with arson and reckless burning and interfering with law

19   enforcement procedures. (*Id*. at 22-23.) In his petition for federal habeas relief, he alleges

20   that no trial date has been set and that he has been provided no discovery. (*Id*. at 5-7.)

21          Steve's petition seeks federal judicial intervention in a pending trial court criminal

22   proceeding. *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v.*

23   *Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980). The comity-based *Younger* abstention

24   doctrine prevents federal courts from enjoining pending state court criminal proceedings,

25   even if there is an allegation of a constitutional violation, unless there is an extraordinary

26   circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37,

27   53-54 (1971). The United States Supreme Court has instructed that "federal-court

28   abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint*

*Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

Generally, courts' reluctance to interfere with on-going state criminal trials extends to tribal courts. *Means v. Northern Cheyenne Tribal Court*, 154 F.3d 941, 949 (9th Cir. 1998) (overruled on other grounds by *U.S. v. Enas*, 255 F.3d 662 (9th Cir. 2001). However, this is typically analyzed in the context of the requirement that tribal remedies be exhausted before the federal courts will get involved. (*Id.*) Federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). The "principles of federalism and comity" that preclude most pre-trial grants of habeas relief in state cases are reflected [in the tribal court context] in the exhaustion requirement. *See Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 15 & 16 n. 8, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) (holding, in the context of a civil case, that "considerations of comity direct that tribal remedies be exhausted before the question is addressed by the District Court").

Here, Steve states that he has filed motions to dismiss and for discovery in Tribal Court. (ECF No. 1-1 at 6.) He also filed a pretrial habeas petition in Tribal Court in January 2023. (*Id*. at 6-7.) Thus, he is pursuing relief in that court. The Court further notes that this case does not present extraordinary circumstances. Steve challenges the alleged delay in setting a trial date and in obtaining discovery. (*Id.* at 5-7.) Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Steve's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most

fundamental right, to liberty—in a pending criminal prosecution. Finally, it does not appear that dismissal of this action without prejudice will materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk of Court file the petition for writ of habeas corpus. (ECF No. 1-1.)

It is further ordered that the petition is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk of Court enter final judgment dismissing this action and close this case.

DATED THIS 24th Day of February 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3